THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

                Plaintiff,

      v.

SSA TERMINALS LLC,

              Defendant.

CASE NO. C11-1617-JCC

ORDER

This matter comes before the Court on the parties' stipulation for a proposed protective order (Dkt. No. 59). The parties had previously submitted a stipulated protective order (Dkt. No. 48), which the Court had declined to consider until being provided with a redlined version (Dkt. No. 50). The parties have now submitted a redlined version, which the Court considers. The Clerk is directed to TERMINATE the previous stipulation (Dkt. No. 48.) Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the stipulation and ORDERS the terms of the protective order (Dkt. No. 59):

1.    <u>PURPOSES AND LIMITATIONS.</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  The parties agree that the improper use or dissemination of confidential, proprietary, or private information may cause severe

personal, proprietary, or business damage to one or more of the parties or to involved third

parties.  Accordingly, the parties hereby stipulate to and petition the court to enter the following

Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR

26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the

protection it affords from public disclosure and use extends only to the limited information or

items that are entitled to confidential treatment under the applicable legal principles, and it does

not presumptively entitle parties to file confidential information under seal.

2.      <u>CONFIDENTIAL" MATERIAL</u>.

"Confidential" material shall include the following documents and tangible things produced or

otherwise exchanged:  Any information, document, electronically stored information, or thing

that contains or is a trade secret or other confidential research, development, or commercial

information as those terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) that have not

been made public, and information that a party is under a legal duty to maintain in confidence,

provided that such information, document, electronically stored information, or thing is

designated as set forth herein.  Any Confidential Information may be designated as

"CONFIDENTIAL."

3.      <u>SCOPE</u>.

The protections conferred by this agreement cover not only confidential material (as defined

above), but also (1) any information copied or extracted from confidential material; (2) all

copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the

public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

        (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

        (d)    the court, court personnel, and court reporters and their staff;

        (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)  a third-party neutral retained by the parties to assist in resolution of the Lawsuit.

Counsel revealing "Confidential" information to such persons shall be responsible for maintaining a list of all persons to whom such "Confidential" information is disclosed, and for retaining the originals of the signed Exhibit A agreements.  For good cause shown, such list and agreements shall be available for inspection by counsel for the other party upon prior written agreement of the parties or Order of this Court.

4.3  <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall provide no less than seven days advance written notice of its intent to file specified "Confidential" information to all other parties and confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that

must be followed and the standards that will be applied when a party seeks permission from the

court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

     5.1     Exercise of Restraint and Care in Designating Material For Protection.  Each

party or non-party that designates information or items for protection under this agreement must

take care to limit any such designation to specific material that qualifies under the appropriate

standards.  The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the

material, documents, items or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this agreement.

     Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or delay the case development process or to impose unnecessary

expenses and burdens on other parties) expose the designating party to sanctions.

     If it comes to a designating party's attention that information or items that it designated

for protection do not qualify for protection, the designating party must promptly notify all other

parties that it is withdrawing the mistaken designation.

     5.2     Manner and Timing of Designations.  Except as otherwise provided in this

agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies

for protection under this agreement must be clearly so designated before or when the material is

disclosed or produced.  If a party obtains discovery in this action from any third party source,

any party may mark such discovery "Confidential" pursuant to this section by notifying all

parties in writing within ten days of receipt of the third-party discovery of the specific documents

or information which should be treated as "Confidential" thereafter.  All discovery received from non-parties shall be treated as "Confidential" for ten days following receipt.

(a)   <u>Information in documentary form</u>:  (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portions (e.g., by making appropriate markings in the margins).

(b)   <u>Testimony given in deposition or in other pretrial or trial proceedings</u>:  the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto, as confidential.

(c)   <u>Other tangible items</u>:  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL".  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  In the event that a party inadvertently fails to stamp or otherwise designate a record as "Confidential" at the time of its production, that party will have ten business days after discovery of the error to so stamp or otherwise designate the record.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing along, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must

make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

Any party who wishes to challenge another party's designation of information as "Confidential" may proceed at any time as follows:

(a)     Counsel for such parties shall confer in a good faith effort to resolve by agreement any differences as to the use or designation of information as "Confidential" information;

(b)     Failing agreement of the parties, the objecting party will notify the proponent of the confidentiality of the document in writing of the objection, the basis therefore, and shall identify by category or document number the information as to which relief is sought;

(c)     Within ten business days after receipt of such written notice, the party designating such information as "Confidential" may file a motion with the Court to establish the confidentiality of any such document, which motion shall:

(i)     Demonstrate with particularity with respect to each challenged item of "Confidential" information the reasons why such information has been properly designated as "Confidential" consistent with Federal Rule of Civil Procedure 26(c)(1); and

(ii)     Demonstrate why the disclosure or use of the particular information might result in harm or injury.

(d)     If a motion is timely made as provided in Paragraph 6(c), the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order, until the motion with respect to the particular designation of confidentiality is ruled upon by the Court; and

(e)     If the party designating such information as "Confidential" fails to timely make a motion pursuant to Paragraph 6(c) after a party provides written notice pursuant to Paragraph 6(b), the information shall cease to be treated as "Confidential" information under this Order.  A challenge to the propriety of a designation of confidentiality may be made at any time and need not be made at the time the designation is made.

6.1     <u>Timing of challenges</u>.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement pursuant to paragraph 6(a).  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on

other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

        (a)      promptly notify the designating party in writing and include a copy of the subpoena or court order;

        (b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

        (c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        It will be a violation of this Order for any party to this case, or his or her counsel, to disclose "Confidential" information except as set forth in this Order.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that

such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

       When producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  Parties shall confer on an appropriate non-wavier order under Fed. R. Evid. 502.

10      NON TERMINATION AND RETURN OF DOCUMENTS

       Within 30 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

       Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

       The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.     Nothing in this Order precludes any party or their attorney(s) from showing records or information designated as "Confidential" information to an individual who either prepared or

reviewed the records before the filing of this action, or from disclosing or using, in any manner consistent with the spirit of this Order, records from the party's own files that the party itself has designated as "Confidential" information.

12.     Nothing in this Order shall bar, or otherwise restrict, any attorney in this matter from rendering advice to his or her client with respect to this litigation or doing anything reasonably necessary to prosecute or defend this litigation.

13.     Nothing in this Order may be construed to prohibit a party from seeking actual damages against a party for the intentional wrongful disclosure of any "Confidential" information, the disclosure of which is prohibited by this Order.  If any person breaches the terms of this Order, the parties will have the right to seek and obtain all judicial relief as may be appropriate, including damages and equitable or injunctive relief, and will be entitled to recover from the breaching party any attorneys' fees, costs, and expenses incurred in order to obtain such relief.

14.     Nothing in this Order shall preclude a party from pursuing a protective order or moving to seal any portion of the Court file at any time if such action is deemed necessary by either party in either party's sole discretion.

15.     Insofar as the provisions of this Order restrict the use of "Confidential" information, this Order will continue to be binding after the conclusion of this litigation.

//

//

//

//

ORDER
PAGE - 11

DATED this 5th day of August 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 12