THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>SSA TERMINALS LLC,<br><br>Defendant. | CASE NO. C11-1617-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel Discovery, Award Attorneys' Fees and Continue the Case Schedule (Dkt. No. 46), Plaintiff's Motion for Leave to File Response or Strike (Dkt. No. 60), and Defendant's Motion for Protective Order re Financial Records (Dkt. No. 65). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART Plaintiff's motion (Dkt. No. 46), GRANTS Plaintiff's motion to strike (Dkt. No. 60), and DENIES Defendant's motion for protective order (Dkt. No. 65).

I.   DISCUSSION

This is a suit brought under the Clean Water Act, although these motions concern only the parties' disputes about their discovery obligations. Parties may discover any non-privileged information that is relevant to its claims or the defenses of another party. Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information reasonably calculated

ORDER
PAGE - 1

to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). The Court may grant a protective order for "good cause" to protective a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). As this Court has already noted in this case, a party seeking a protective order "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). If good cause is shown, the court may establish the manner in which confidential commercial information may be revealed. Fed. R. Civ. P. 26(c)(1)(G).

Courts have broad discretion to control discovery. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). At the same time, the Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention.

### A. Responsive Documents

Some subset of the ESI that Plaintiff seeks consists of ESI from the Floyd Snider Consulting firm. (Dkt. No. 55 ¶ 4.) Defendant represented in its response motion that approximately 3,700 documents remained to be reviewed and that it would have completed review on these documents "before this matter is decided." (Dkt. No. 55 ¶ 13.) To the extent that Defendant has not yet produced any non-privileged documents from the original set of 166,074 documents referred to (Dkt. No. 55 ¶ 13), Defendant is ORDERED to do so within 14 days.

### B. Additional ESI discovery

Plaintiff also seeks to require Defendant to search for responsive documents in other locations. (Dkt. No. 46 at 11.) Defendant argues both that the Joint Status Report should be amended to address ESI issues, and that discovery has already imposed a disproportionate burden. (Dkt. No. 51 at 10.) It appears that at least some of the extra effort about which Defendant complains would have been resolved had it initially clarified the scope of the terms

(*see, e.g.*, Dkt. No. 55 ¶¶ 21, 30), and to that extent the burden on Defendant does not necessarily reflect the appropriateness of further discovery. Even so, the Court agrees the proportionality of the effort expended on ESI discovery to date may nonetheless be an issue. These are, however, precisely the sorts of disputes that are meant to be avoided by the establishment of a plan governing ESI production initially.

The Local Civil Rules require parties to adopt a plan governing any ESI production. W.D. Wash. Local Civ. R. 26(1)(I)–(J), (2), (3). It appears that the parties discussed the need to amend the Joint Status Report to address ESI issues but failed to do so. Plaintiff is correct that it was allowed to bring this motion absent such an amendment. But Plaintiff has also represented that it "does not object to formalizing a complete ESI agreement once the Court resolves the outstanding ESI disputes." (Dkt. No. 56 at 7 n.12.) The Court declines, however, to decide this issue before the parties have even attempted to determine whether the district's model ESI agreement—or an agreement similar to that—might appropriately resolve the issues, including by establishing the relevant sources for any discoverable material. In the absence of such a plan, the Court DENIES the motion to compel in relevant part.

### C.   Financial Records

Also at issue are financial records from Defendant, which are the subject both of Plaintiff's motion to compel and Defendant's motion for a protective order. (Dkt. No. 65.) The documents at issue are "annual financial statements, including [Defendant's] annual reports, profit/loss statements, balance sheets, income statement, statement of cash flow, notes, and letters and other documents from auditors, for each year from 2006 through present," as well as "documents . . . created or modified since January 1, 2006, summarizing or analyzing operating expenses, revenues, and assets for the site." (Dkt. No. 46 at 10 n. 6; Dkt. No. 65 at 2.) In its initial responses to these requests in 2013, Defendant responded that "relevant, non-privileged documents will be produced." (Dkt. No. 47, Ex. A.)

Defendant does not dispute that at least some of the financial records are relevant.[1] Defendant instead argues that the request is overbroad and that there should be limits on how the confidential commercial information is disclosed. (Dkt. No. 65 at 21.) The Court would be receptive to an argument about which particular aspects of Plaintiff's requests are overbroad, but Defendant's description of the request as "wildly excessive" and "burdensome" does not meet its burden of demonstrating that there is some subset of documents that it will be harmed or prejudiced by producing. *See Foltz*, 331 F.3d at 1130 (describing moving party's burden). This is particularly true when Defendant agreed to produce "relevant, non-privileged documents," and yet, nearly a year later, has apparently produced no financial documents.

Defendant does make two specific proposals for how the confidential information should be provided. The first proposal is that Defendant simply "provide the bottom line numbers and data from audited financial statements that Shefftz needs to perform his analysis." (Dkt. No. 65 at 4.) The Court agrees with Plaintiff that this proposal is unreasonable: Defendant agrees that the documents are relevant but seeks to avoid allowing Plaintiff to see them at all. Alternatively, Defendant proposes that Plaintiff's expert be allowed to review Defendant's financial records at Defendant's offices or another convenient location and take notes about the records without being allowed to copy or keep any of those records. (Dkt. No. 65 at 4.) Plaintiff objects that this second option is "unworkable in a litigation context." (Dkt. No. 65 at 20.) Specifically, Plaintiff's expert suggests that it will be burdensome to arrange travel, that he may not realize what information he needs until after he begins his analysis, and that he will be at a disadvantage to Defendant's expert, who will have unfettered access to the materials, including for trial

---

[1] The Court notes, however, that Plaintiff's heavy reliance on *RE Sources for Sustainable Communities v. Pacific Int'l Terminals, Inc.*, No CV11-2076-JCC (W.D. Wash., Jan. 8, 2013) is misplaced. Unlike in that case, Defendant here has stipulated to its ability to pay a penalty (Dkt. No. 35), which undermines the reasoning of the original *RE Sources* order. Neither does Defendant's reliance on the Court's request for additional briefing from Plaintiff in that case resolve the issue, particularly given the lack of specificity in Defendant's arguments here regarding relevance.

ORDER
PAGE - 4

preparation. (Dkt. No. 66.)

The Court disagrees with Defendant that subjecting Defendant's expert to the "same conditions and restrictions" would remove any specter of unfairness. Even if neither expert has hard copies of documents available at a deposition or at trial, Defendant's expert will clearly have easier and more-extensive access to the documents for preparation and review. This discrepancy is not addressed simply by allowing Plaintiff's expert additional visits to the documents, particularly when the expert appears to live in Massachusetts. (Dkt. No. 66.) The Court therefore concludes that neither of Defendant's proposals is reasonable and DENIES the protective order. In light of Defendant's representation in its initial responses that it would produce relevant, non-privileged documents, the Court GRANTS Plaintiff's motion to compel. Defendant is ORDERED to produce documents responsive to Plaintiff's First Set of Requests for Production 25 and 26 within 14 days. (Dkt. No. 43 at 30.)

### D.   Leave to File Response or Strike

Surreplies are limited strictly to motions to strike. *See* W.D. Wash. Local Civ. R. 7(g)(2). Applying this standard, the Court GRANTS Plaintiff's request to strike Defendant's surreply, which seeks to provide additional argument, and STRIKES the surreply. (Dkt. No. 58.)

### E.   Award of Fees

Plaintiff seeks fees both for Defendant's behavior as documented in its current motion and for opposing Defendant's protective-order request that this Court denied in June. (Dkt. No. 46 at 13.) Having reviewed the record, the Court concludes that no award of fees is appropriate.

### F.   Continuance

Plaintiff seeks a continuance of four months, and Defendant does not oppose a "modest continuance." (Dkt. No. 51 at 13.) Considering also the needs of this Court's schedule, the Court VACATES the trial currently set for March 31, 2015, and RESETS the trial for 9:30 a.m. on July 13, 2015. The pre-trial deadlines are continued accordingly.

## II.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's motion (Dkt. No. 46), GRANTS Plaintiff's motion to strike (Dkt. No. 60), and DENIES Defendant's motion for a protective order (Dkt. No. 65).

DATED this 23rd day of September 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE